IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO. 2:14-CV-12-BO

| | |
|---|---|
| DANNY DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| GREGORY POOLE EQUIPMENT ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on defendant's motion to dismiss [DE 11]. The motion is ripe for adjudication. For the reasons stated herein, the motion is DENIED.

## BACKGROUND

Plaintiff, filed this action against Gregory Poole Equipment Company ("Gregory Poole") alleging three causes of action: (1) hostile work environment, (2) retaliatory and wrongful discharge from employment in violation of Title VII of the Civil Rights Act of 1964, and (3) negligent supervision or retention. The relevant facts alleged begin with one of plaintiff's male co-workers attempting to kiss plaintiff sometime in or about February 2007. Plaintiff made a sexual harassment complaint against the co-worker and was allegedly subjected to name-calling, unfair treatment by management and retaliation for making his complaints that culminated in his termination on May 12, 2011. Plaintiff alleges most of the unfair treatment by his supervisors began on or about January 11, 2011. On May 7, 2014, defendant moved to dismiss plaintiff's hostile work environment claim for lack of subject matter jurisdiction, or in the alternative to strike the portions of plaintiff's complaint pertaining to that claim.

## DISCUSSION

Defendant argues that plaintiff's claim for a hostile work environment should be dismissed because plaintiff failed to exhaust his administrative remedies on that claim before filing suit. An individual alleging discrimination in violation of Title VII must first file an administrative charge with the Equal Employment Opportunity Commission ("EEOC") within a certain time of the alleged unlawful act. 42 U.S.C. § 2000e-5(e)(1). A charge must be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b). An individual cannot bring suit until he has exhausted the administrative process. 42 U.S.C. § 2000e-5(b), (f)(1); *Bryant v. Bell Atl. Md. Inc.*, 288 F.3d 124, 132 (4th Cir. 2001); 29 C.F.R. § 1601.28.

In the Fourth Circuit, "[t]he scope of the Plaintiff's right to file a federal lawsuit is determined by the [EEOC] charge's contents." *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." *Id.* (quotation omitted). A claim is generally barred if the EEOC charge alleges one type of discrimination such as race and the lawsuit alleges a different type of discrimination such as sex. *Id.* However, "lawyers do not typically complete the administrative charges and so courts construe them liberally." *Chacko v. Patuxent Inst.*, 429, F.3d 505, 509 (4th Cir. 2005) (citing *Alvarado v. Bd. of Trs. of Montgomery Cmty. Coll.*, 848 F.2d 457, 460 (4th Cir. 1988)). "[I]f the factual allegations in the administrative charge are reasonably related to the factual allegations in the formal litigation, the connection between the charge and the claim is sufficient." *Id.* (citing *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247–48 (4th Cir. 2000)).

2

Defendant argues that plaintiff failed to name the alleged harasser, the time period of any alleged harassment, or the nature of any harassment beyond the kiss which took place four years prior to the complaint. Further defendant notes that plaintiff only checked the box for "retaliation" on the EEOC charge, and did not check a box indicating any other type of discrimination. Courts have recognized that checking the boxes on a charge of discrimination creates a presumption that the Charging Party is not asserting claims represented by boxes not checked. *Gunnell v. Utah Valley State Coll.*, 152 F.3d 1253, 1260 (10th Cir. 1998); *Jones*, 551 F.3d at 301. It is notable, however, that there is no box to check for "hostile work environment" or for "sexual harassment." Although clear to an attorney, it is not so clear to an unsophisticated plaintiff that these types of discrimination would fall under the box labeled "discrimination based on sex." Further, the circumstances here support a finding that plaintiff successfully rebuts the presumption of non-assertion.

The allegations in the complaint "are reasonably related to [the] EEOC charge and would be expected to follow from an administrative investigation." *Smith*, 202 F.3d at 248. Indeed, it is clear that the allegations in the complaint were brought to light in the EEOC proceedings. In his charge and amended charge, plaintiff noted that he made a sexual harassment complaint against a co-worker. This serves as the basis for his retaliation charge, but it also puts Gregory Poole on notice that sexual harassment occurred. Plaintiff's complaint that he made numerous unheeded requests to be separated from his harasser indicates that this harassment was an ongoing issue at the time. Further, the EEOC obtained a letter submitted to plaintiff's employer in which plaintiff recites the continuing nature of his sexual harassment and his pleas to keep him separated from the harasser. Defendant clearly was aware of this letter as it attached the letter to its memorandum in support of its motion to dismiss. The letter also mentions the "gay taunting"

plaintiff experienced over the course of four years. Finally the intake questionnaire filled out by the plaintiff in connection with his EEOC complaint specifically states that he wanted to be kept separate from his harasser and that a manager attempted to cover up the sexual harassment he experienced. It is clear to this Court that these allegations supporting plaintiff's hostile work environment claim are reasonably related to the EEOC charge and therefore plaintiff has exhausted his administrative remedies concerning them.

Defendants also argue that plaintiff's charges of hostile work environment were untimely when he filed his charge of discrimination with the EEOC. However, it is clear from the materials discussed above that the harassment plaintiff allegedly suffered was of an ongoing nature that culminated in his alleged retaliatory termination. Specifically plaintiff's EEOC charge states that on November 21, 2010 he asked to continue to be separated from his harasser. That date is within 180 days of February 18, 2011, when plaintiff filed his initial EEOC charge. As such, plaintiff's charges regarding sexual harassment and hostile work environment are timely filed. 42 U.S.C. § 2000e-5(e).

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss [DE 11] is DENIED. This action is not dismissed at this time and may proceed in its entirety.

SO ORDERED.

This the 26 day of June, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4